

David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CURTIS F. PERRY, | ) | |
| | ) | Case No. 24-bk-00461 |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | |
| MATTHEW W. CHENEY, ACTING | ) | |
| UNITED STATES TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 25-ap-00020 |
| | ) | |
| CURTIS F. PERRY | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the Court is a motion to dismiss. Curtis F. Perry ("Defendant") seeks dismissal of the United States Trustee's ("UST") Complaint against him under Fed. R. Civ. P. 12(b)(6), made applicable here by Fed. R. Bankr. P. 7012(b). Defendant asserts that UST's Complaint is untimely pursuant to 11 U.S.C. § 727(d)(1). Specifically, Defendant contends that UST had knowledge of the allegations contained in the Complaint before entry of Defendant's discharge and did not file a timely complaint to deny discharge under 11 U.S.C. § 727(a). UST contends that Defendant incorrectly asserts the Complaint is untimely because there was no evidence of possible fraudulent conduct until after entry of Defendant's discharge, and the Complaint was filed within one year in accordance with 11 U.S.C. § 727(e).

For the reasons stated herein, the Court will deny Defendant's Motion to Dismiss.

1

## I.  STANDARD OF REVIEW

To survive a Fed. R. Civ. P. 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  As the Fourth Circuit has explained, the plausibility standard requires a plaintiff "to articulate facts, when accepted as true, that 'show' that Plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility' of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).  Finally, when courts evaluate a motion to dismiss, they are to (1) construe the complaint in a light favorable to Plaintiff, (2) take factual allegations as true, and (3) draw all reasonable inferences in favor of Plaintiff.  5C Charles Wright & Arthur Miller, Federal Practice and Procedure § 1357 (3d. ed. 2012) (collecting thousands of cases).  The court's role in ruling on a motion to dismiss is not to weigh the evidence, but to analyze the legal feasibility of the complaint. *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).

## II.  BACKGROUND

On September 18, 2024, Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, along with the required Schedules and Statement of Financial Affairs.  Aaron C. Amore was appointed as the Chapter 7 Trustee.  A meeting of creditors pursuant to 11 U.S.C. § 341 (the "341 Meeting"), initially scheduled for October 17, 2024, was held on November 14, 2024.  At the 341 Meeting, Defendant testified that his Schedules were complete and accurate.  Defendant further testified that he had not transferred or given anything of value greater than $1,000 to any person in the two years preceding the petition date.

On Schedule A, Defendant listed a ½ interest, as joint tenant, in a modular home (the "Mobile Home"), assigning a value of $25,000.00 to his share.  On Schedule D, Defendant listed Rhonda Kolberg as a secured creditor with a $25,000.00 claim secured by the Mobile Home.  According to the Defendant's testimony at the 341 Meeting, Ms. Kolberg obtained a $50,000.00 loan for the purchase of the Mobile Home.  Defendant testified that on September 17, 2024, he and Ms. Kolberg executed a promissory note (the "Kolberg Note") at his bankruptcy counsel's office as part of a plan for him to file bankruptcy and for Ms. Kolberg to appear as a secured creditor in the amount of $25,000.00.  Under the Kolberg Note, he agreed to pay her $500.00 per

2

month towards his half interest in the Mobile Home. He further testified that, to the best of his knowledge, the note was never recorded. As of January 31, 2025, according to Defendant, he paid Ms. Kolberg approximately $10,200.00 towards the Kolberg Note but ceased making payments approximately one month before the 341 Meeting.

At the 341 Meeting, Defendant testified that he believed there was a lot lease associated with the property. However, he failed to disclose the lease as an asset in Schedule A/B or G, nor did he state an intention for the lease in his Statement of Intention. Following discharge, UST became aware that Defendant and Ms. Kolberg were also joint assignees of a "Proprietary Lease" for real property at 5316 53rd Avenue E #F-4, Bradenton, Florida 34203, upon which the Mobile Home sits. On September 17, 2024, one day before the petition date, Defendant executed a quitclaim deed transferring his interest in the lot lease to Theodore Christoper Sheffield. Although the deed states that it was effective as of September 17, 2024, it was signed, witnessed, notarized, and filed on September 19, 2024. Defendant did not disclose this transfer in his Statement of Financial Affairs.

On January 20, 2025, Defendant sent Kolberg a text message, which she forwarded to her attorney and subsequently to the Chapter 7 trustee:

> Rhonda I'm here in Florida at the trailer to collect my things. Please let your family know because they will see things missing. It will probably take two days to pack as much as I can in my van. Your dad or Jonny pack my things very neatly. It's very appreciated. I promise I will leave things very neat also. I have a lot of stuff. I will have to return home and use the airline to return to Florida and get a uhaul to get cabinets, washer and everything else. As much as I love you I just can't give you what I paid for any more. There's $25,000 in the kitchen. If you want the stuff let me know. Tell me something that's fair. Silence means no.

Since the text message, Defendant has admitted to spending $25,000.00 on improvements and produced photographs of the renovated kitchen. Defendant did not account for these improvements in his Schedules.

Lastly, following discharge, UST became aware of Defendant's joint ownership interest in a 2019 Coach Freedom Express Trailer (the "Coachman"), which remains titled in both his and Ms. Kolberg's names. The registration was renewed in November 2024. Defendant failed to disclose this interest in his Schedules.

On December 17, 2024, Defendant received a Chapter 7 discharge after the time expired for interested parties, including UST, to object. On July 24, 2025, UST initiated this adversary

3

proceeding through their Complaint seeking to revoke Defendant's discharge pursuant to 11 U.S.C. §727(d)(1) and (2), and 727(e).

### III.   DISCUSSION

Defendant filed the pending Motion to Dismiss alleging UST's claim under 11 U.S.C. § 727(d)(1) is untimely.  Specifically, Defendant asserts UST had prior knowledge of the alleged fraudulent acts before the entry of discharge, and the UST is limited to relief under 11 U.S.C. § 727(a).  UST opposes the Motion to Dismiss arguing the action is timely, maintaining that the alleged fraud was not discovered until after the discharge had been granted.

Bankruptcy Code, Title 11 U.S.C. § 727(d), provides:

> On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if — (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

11 U.S.C. §727(d)(1).  To prevail under §727(d)(1), the party seeking revocation of discharge must "prove by a preponderance of the evidence that (1) the discharge was obtained through fraud, and (2) the U.S. trustee was not aware of the alleged fraud prior to discharge." *McDow v. Wamsley (In re Wamsley)*, 385 B.R. 619, 623 (Bankr. N.D.W. Va. 2008).  The Court is to strictly construe 727(d)(1) against the party seeking revocation and liberally in favor of the debtor.  *Anderson v. Vereen (In re Vereen)*, 219 B.R. 691, 694 (Bankr. D.S.C. 1997) (citing *In re Lyons*, 23 B.R. 123 (Bankr. E.D. Va. 1982).

In the context of a motion to dismiss, however, the Court's role is not to determine whether UST will ultimately prevail, but whether the Complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  To survive the dismissal, UST must have pled factual content which, if true, support a reasonable inference that: (1) Defendant's discharge was obtained through fraud; and (2) UST was not aware of the alleged fraud before discharge.  Whether Defendant did or did not commit fraud or whether UST did or did not know of such fraud until after Defendant's discharge are questions of fact that go to the merits of the Complaint and are not resolved at this stage.  The Court's inquiry is limited to whether the allegations to each of these elements were sufficiently described in detail within the Complaint.

Here, UST's Complaint alleges enough facts to plausibly state a claim under 11 U.S.C. § 727(d)(1).  First, UST's Complaint sufficiently alleges that Defendant's discharge was obtained through fraud.  Second, UST's Complaint sufficiently alleges that UST did not know of such fraud until after the discharge was granted.

### A. UST has sufficiently alleged that Defendant's discharge was obtain through fraud.

To satisfy the first requirement, under 11 U.S.C. § 727(d)(1), the party seeking revocation must show that the debtor committed fraud in fact. *Pelletier v. Donald (In re Donald)*, 240 B.R. 141, 146 (B.A.P. 1st Cir. 1999). Specifically, the movant must prove:

> (1) the debtor "knowingly and fraudulently made a false oath in or in connection with the bankruptcy proceeding, and (2) the oath concerned a material fact." *Id.*  In order to satisfy the requirement that the Debtor have fraudulently made a false oath, the U.S. trustee may either establish fraudulent intent by (1) circumstantial evidence, or (2) inference drawn from a course of conduct or establish a "reckless indifference to the truth" constituting a "functional equivalent of fraud." *Id.* at 140 (quoting *National Post Office Mail Handlers, etc. v. Johnson,* 139 B.R. 163, 166 (E.D. Va. 1992)).

*McDow*, 385 B.R. at 624. A pattern of deliberate omissions in a debtor's statement of financial affairs, schedules, and meeting of creditors qualify as false oaths and are indicative of fraudulent intent. *Yules v. Gillis (In re Gillis)*, 403 B.R. 137, 145 (B.A.P. 1st Cir. 2009*); Sackett v. Shahid (In re Shahid)*, 334 B.R. 698, 710 (Bankr. N.D. Fla. 2005); *Johnson v. Meabon (In re Meabon)*, 508 B.R. 626, 632 (Bankr. W.D.N.C. 2014).  "A false statement is material if 'it bears a relationship to the [debtor's] business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property.'" *Hunnicutt v. Green (In re Green)*, No. MB 13-061, at *17 (B.A.P. 1st Cir. Aug. 6, 2014) (quoting *In re Tully*, 818 F.2d 106, 110 (1st Cir. 1987).

At this stage, the Court's decision is limited to determining whether the Complaint, when well-pleaded allegations are accepted as true and viewed in UST's favor, plausibly alleges facts sufficiently satisfying the fraud in fact element under 11 U.S.C. § 727(d)(1).  Here, the UST has alleged enough facts to plausibly state a claim.

### 1. 2019 Coach Freedom Express Travel Trailer

UST alleges that Defendant failed to disclose his ownership interest in the Coachman, which was omitted from both his schedules and his testimony in the 341 Meeting.  Even if Defendant believed Ms. Kolberg had removed his name from the title, this argument pertains to

the merits and does not undermine the sufficiency of the Complaint. This allegation supports a plausible cause of action.

### 2. Lot Lease and Quitclaim Deed

UST alleges that Defendant intentionally failed to list his interest in a lot lease and transfer of that interest to Mr. Sheffield. According to the Complaint, Defendant testified in the 341 Meeting that he "thought there was a lot lease for the land where the mobile home is located," yet the Defendant did not disclose his interest in the lot lease on Schedule A/B or G in his bankruptcy petition nor state an intention for the lease on his Statement of Intention. UST further alleges that Defendant executed a quitclaim deed on September 17, 2024, transferring his interest in the mobile home lot lease to Mr. Sheffield but that the deed was not signed, witnessed, notarized, or filed until September 19, 2024. UST asserts that Defendant acknowledged that he transferred the lease to Mr. Sheffield because he could not exempt the mobile home that Ms. Kolberg wanted through his Chapter 7. If the allegations are true, they plausibly show that the Debtor knowingly concealed his property interest in the lot lease and the transfer of that interest. This allegation supports a plausible cause of action.

### 3. Failing to Disclose Improvements to and Undervaluing Mobile Home

UST alleges that on January 20, 2025, over a month after the discharge date, Defendant sent a text message to Ms. Kolberg stating, "there's $25,000.00 in the kitchen," and later admitted to spending that amount on improvements, providing photographs of the renovated kitchen. UST contends that Defendant undervalued the Mobile Home by listing it at the purchase price of $25,000.00, despite these additional expenditures. If true, these allegations plausibly suggest that the Debtor knowingly undervalued the Mobile Home and omitted material information regarding its value. This allegation supports a plausible cause of action.

### 4. Kolberg Note

UST alleges that Defendant falsely testified about the timing and nature of the Kolberg Note. Although dated February 3, 2023, UST alleges that Defendant signed the Kolberg Note on or about September 17, 2024, shortly before filing his petition, and that it was never recorded. UST further alleges that the Kolberg Note was backdated to create the appearance of a secured debt and to support Ms. Kolberg's status as a secured creditor. Accepting these allegations as true, the Complaint plausibly alleges that the Defendant misrepresented the existence and validity of a debt, concerning a material aspect of his estate. This allegation supports a plausible cause of action.

Considering these allegations collectively and in the light most favorable to UST, the Complaint pleads sufficient factual matter to make the "fraud in fact" element of 11 U.S.C. § 727(d)(1) plausible. The Court therefore finds that UST has adequately pled this element for purposes of surviving the motion to dismiss.

### B. UST has sufficiently alleged that they were not aware of the alleged fraud before discharge.

A trustee challenging a discharge for fraud is not required to be aware of all the facts of the fraud before the discharge is granted. *Anderson*, 219 B.R. at 696. However, if the trustee is in possession of facts that would alert a reasonable person of possible fraud, the trustee bears the burden to diligently investigate any possible fraudulent conduct before discharge. *Id.* Therefore, if a trustee is on notice of possible fraud before discharge is granted, dismissal of any subsequent revocation action may be appropriate. *Mid-Tech Consulting, Inc. v. Swendra*, 938 F.2d 885, 888 (8th Cir. 1991).

Here, UST alleges that they were unaware of the alleged fraud until receiving Defendant's text message, sent post-discharge, referencing $25,000 in improvements to the Mobile Home. Whether UST should have discovered the fraud pre-discharge is a factual question inappropriate for resolution at the motion to dismiss stage. *Hunnicutt,* No. MB 13-061, at *21 (holding that "[n]onetheless, the question of whether [creditor] could have, and should have, conducted an investigation prior to the entry of discharge goes to the merits of the case, not whether [creditor] sufficiently pled his claim under § 727(d)(1)."). Therefore, if accepted as true, the allegations are sufficiently pled to make the "lack of knowledge" element of 11 U.S.C. § 727(d)(1) plausible and survive the Motion to Dismiss.

UST has alleged sufficient facts that, if construed in a light most favorable to UST, plausibly establish that: (1) Defendant obtained his discharge through fraud; (2) UST did not know of such fraud until after discharge; and (3) the Complaint was filed within the time limits permitted by 11 U.S.C. § 727(e). The Court concludes that the allegations are sufficient to state a claim for relief under 11 U.S.C. § 727(d)(1).

### IV.   CONCLUSION

For the foregoing reasons, the Court finds it appropriate to deny Defendant Curtis F. Perry's Motion to Dismiss. Consistent with Fed. R. Civ. P. 58, made applicable by Fed. R. Bankr. P. 7058, the Court will enter an order stating as much.